# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ELIZABETH ETHERIDGE**                                                                                    **PLAINTIFF**

**VERSUS**                                                                           **CAUSE NO. 3:24-CV-00509-KHJ-MTP**

**NESHOBA COUNTY, DEPUTY BRANDON RUSH**
**DEPUTY HUNTER RAMSEY, AND JOHN DOES 1-10**
**individually and in their official capacities**                                                                   **DEFENDANTS**

## MOTION IN LIMINE

COMES NOW the Plaintiff, Elizabeth Etheridge, in this action (hereinafter referred to as "Plaintiff") by and through undersigned counsel, and files this Motion in Limine and would show unto this Court as follows, to-wit:

### INTRODUCTION

The purpose of a motion in limine is to prohibit opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

### ARGUMENT

Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, or if the fact it seeks to prove is of consequence in determining the action. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977). While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403

### Settlement/Mediation discussions

Pursuant to Rule 408, no settlement discussions should be allowed at trial.

### Other Arrest/Criminal Records

The Defendants should be precluded from asking questions or offering any evidence of any charges, arrest or criminal record of the Plaintiff other than what led to the events alleged in the Complaint. Other charges or arrest would violate rule 403 and 609 and would have no relevance to whether or not the Defendants used excessive force.

Respectfully submitted this the 9th day of October 2025.

**ELIZABETH ETHERIDGE**
**PLAINTIFF**

By: __/s/ Daniel Waide_____

DANIEL M. WAIDE, MSB #103543
Johnson, Ratliff & Waide, PLLC
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

      I, Daniel M. Waide, attorney for Plaintiff, do hereby certify that I have filed the foregoing with the Clerk of court via ECF filing system which will automatically send a copy to all counsel on record

      THIS the 9th day of October 2025.

                                      */s/ Daniel M. Waide*
                                      DANIEL M WAIDE, MSB#103453

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
dwaide@jhrlaw.net
601-582-4553